TORRUELLA, Circuit Judge, with LIPEZ, Circuit Judge,
Concurring in the denial of en banc review.
I am forced to comment on the dissent from the denial of en banc review because it mischaracterizes the reasoning of the unanimous panel opinion, an opinion which neither articulates nor applies a sufficiency of the evidence test inconsistent with the Supreme Court’s clearly established law under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). To suggest that the panel opinion adopts “reasonable speculation” as some sort of binding “legal rule” is incorrect. We do not even mention the term in the section where we discuss the constitutional right asserted — a section entitled “The Jackson Standard,” O’Laughlin v. O’Brien, 568 F.3d 287, 300-02 (1st Cir.2009) — and we consistently apply the Jackson standard to the facts of this case. When read in context, our use of the term “reasonable speculation” merely frowns upon speculative evidentiary interpretations and in no way suggests that we disfavor the use of circumstantial evidence. In fact, with respect to this latter point, we explicitly state that “direct evidence of identification is not necessary,” id. at 301 n. 17, and quote our prior precedent affirming the use of circumstantial evidence, id.
In addition, the dissent mistakenly contends that the panel opinion engages in a piecemeal examination of the evidence. Our approach to deciding whether a jury could conclude that the evidence was sufficient to identify O’Laughlin as the assailant under Jackson is based on looking at the evidence as a whole. We begin and end our discussion of this evidence by stating that we consider the evidence in its totality. See id. at 302 (“Taken together, the circumstantial evidence in this case, even when drawing all reasonable inferences in favor of the prosecution, does not permit any rational jury to conclude that O’Laughlin was the assailant beyond a reasonable doubt.”); id. at 304 (“Given the insufficiency of the evidence, circumstantial or otherwise, tying O’Laughlin to the attack, we conclude that a rational jury could not find O’Laughlin’s guilt beyond a reasonable doubt.”). In order to arrive at our conclusion that the evidence in its totality is not sufficient to permit a rational jury to find O’Laughlin’s guilt beyond a reasonable doubt, we necessarily had to consider the factors the SJC weighed, namely evidence supporting O’Laughlin’s motive, opportunity, means, and consciousness of guilt. This is consistent with how we have dealt with sufficiency issues in the past. See, e.g., Leftwich v. Maloney, 532 F.3d 20, 25-27 (1st Cir.2008).
Finally, the dissent’s contention that the panel opinion engages in a de novo review of the record is plainly wrong. The opinion recounts the facts as presented by the SJC and holds, drawing all reasonable inferences in favor of the prosecution, that *10 the SJC was objectively unreasonable in concluding that O’Laughlin was the assailant beyond a reasonable doubt. This approach was not legal error. The bottom line is that we read the record differently than the dissent, not that we apply the wrong legal standard.
As we state in the panel opinion, we fully appreciate “the great degree of deference state court judgments are due, especially those that uphold jury verdicts,” O’Laughlin, 568 F.3d at 300, and “the extremely high bar that must be overcome on habeas review,” id. at 304. Despite this hurdle, however, in rare instances there are fact-intensive cases where a state court’s determination as to guilt beyond a reasonable doubt is so incorrect as to be objectively unreasonable. A unanimous panel agreed that this is such a case.[1] With the utmost respect to our dissenting colleague, the en banc court is correct in its decision to deny the petition for rehearing.

. We also note that the Massachusetts Appeals Court, while admittedly applying a different standard on direct review, overturned O'Laughlin’s conviction, concluding that there was insufficient evidence to support the jury's verdict.